IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01553-GPG

BRUCE KNIGHT,

    Plaintiff,

v.

SERGEANT MARRY WALSH #0169,
JUSTIN LOA #4911,
MATTHEW ANDERSON #5396,
OFFICER J. QUACKENBUSH #4920, and
OFFICER S. ALAMO #4891,

    Defendants.

## ORDER OF DISMISSAL

At the time of filing this action, Plaintiff, Bruce Knight, was incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. On June 20, 2018, Plaintiff submitted a Prisoner Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

As part of the required review pursuant to D.C.COLO.LCivR 8.1(b), Magistrate Judge Gordon P. Gallagher determined that the documents submitted on June 20, 2018 were deficient because the request to proceed without prepayment of fees and costs was missing a signed Authorization form allowing the agency holding Plaintiff in custody to calculate and disburse funds from his inmate account, and was missing a certified copy of Plaintiff's prisoner's trust fund statement for the 6-month period immediately preceding the filing of the action. Therefore, on June 21, 2018, Magistrate Judge Gallagher issued

1

an Order Directing Plaintiff to Cure Deficiencies that required the Plaintiff to either pay the required $400.00 filing fee or submit a properly completed and supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (ECF No. 4).

The United States Postal Service returned the Order Directing Plaintiff to Cure Deficiencies issued on June 21, 2018 as undeliverable, since the Plaintiff was no longer at the address he provided to the Court when he filed this action. (ECF No. 5). The Local Rules of this Court at D.C.COLO.LCivR 5.1(c) requires that a notice of change of address must be filed with the Court within five days of any change of address.

The Court was, however, aware that on July 9, 2018, Plaintiff submitted a change of address in a prior action he has pending in this Court. (Civil Action No. 18-cv-00934-GPG; ECF No. 23). In the interest of justice and for one time only in this matter, on July 17, 2018, Magistrate Judge Gallagher directed the correction of Plaintiff's address in the official record of this action to coincide with the address provided by the Plaintiff in Civil Action No. 18-cv-00934-GPG and issued a Second Order Directing Plaintiff to Cure Deficiencies to the Plaintiff at that address. (ECF No. 6). In the Order, Plaintiff was informed of the deficiencies in his request to proceed *in forma pauperis* under 28 U.S.C. § 1915 and provided with 30 days from the date of the Order in which to cure the deficiencies. (*Id.*). Plaintiff was warned that a failure to cure the deficiencies in his *in forma pauperis* request within the time allowed would result in the dismissal of this action. (*Id.*). Plaintiff was further warned that the Court's courtesy in changing his address in this matter would not be extended to any future address changes and that pursuant to the Court's Local Rules, he is responsible at all times for keeping a current address on file in this matter. (*Id.*).

Plaintiff has not cured the deficiencies in his request to proceed *in forma pauperis* as required by the July 17, 2018 Second Order Directing Plaintiff to Cure Deficiencies within the time he was allowed and he has not requested an extension of time in which to do so. The copy of the July 17, 2018 Second Order Directing Plaintiff to Cure Deficiencies mailed to the Plaintiff at the address he provided in Civil Action No. 18-cv-00934-GPG has not been returned by the United States Postal Service as undeliverable, and is therefore presumed to have been received by the Plaintiff. Plaintiff has not communicated with the Court at all since initiating this action on June 20, 2018. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and this action are DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the failure of Plaintiff to prosecute this case and comply with the Court's order of July 17, 2018 directing him to cure the filing deficiencies in this matter. It is

FURTHER ORDERED that the incomplete Prisoner's Motion to Proceed Without Prepayment of Fees or Costs **(ECF No. 3)** is **denied as moot**. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this   27th   day of   August  , 2018.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court